IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SULAIMAN MUSTAFA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:14CV39 |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Sulaiman Mustafa, a prisoner of the State of North Carolina, has brought a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion to Dismiss [Doc. #4]. According to the Petition, on May 15, 1991, in the Superior Court of Durham County, Petitioner pled guilty to second-degree murder and was sentenced to life imprisonment. (Petition, §§ 1-6.) Petitioner filed no direct appeal. ( Id. § 8.) However, on September 15, 2013, he filed a Motion for Appropriate Relief (MAR) in Durham County. (Respondent's Supporting Brief [Doc. #5], Exs. 3, 4.) Upon denial of that Motion, he then filed a petition for certiorari in the North Carolina Court of Appeals. That court denied certiorari on November 6, 2013. (Id., Ex. 7.) On January 12, 2014, Petitioner signed and dated his current Petition, which the Court received on January 16, 2014. After being ordered to answer, Respondent filed its Motion to Dismiss.

## Petitioner's Claims

Petitioner raises three claims for relief in his Petition. He contends that he received ineffective assistance of counsel because his attorneys did not properly advise him concerning aggravated sentencing factors prior to his pleading guilty, that the State did not allow him a belated appeal of his sentence, and that he is entitled to be resentenced under changes in state sentencing law occurring in 1994, 2009, and 2011. (Petition, § 12, Attachs.)

## Discussion

Respondent seeks dismissal on the grounds that Petitioner filed the Petition outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Petitioner does not appear to argue, and the record does not reveal, any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case as to his first claim for relief. Any claims regarding his sentencing would certainly have existed, and could have been uncovered through the exercise of due diligence, at or very near the time of his conviction. Therefore, as to his first claim, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on May 15, 1991, and Petitioner did not appeal. Respondent asserts (Respondent's Supporting Brief at 2-3), and Petitioner has not disputed, that Petitioner's convictions became final on May 27, 1991, when his time to appeal expired. See N.C. R. App. P. 4 (1991). The time limit in § 2244(d)(1) did not exist at that time and did not become effective until April 23, 1996. Because Petitioner's conviction became final prior to that date, Petitioner had one year from that date, or to and including April 23, 1997, to file his Petition as to his first claim for relief. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). However, Petitioner did not file his Petition until January of 2014. Petitioner pursued his MAR in the state courts and it is true that attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the

3

period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner filed his MAR in September of 2013, years after the deadline to file in this Court had already passed. State filings made after the federal limitations period expires do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, Petitioner's first claim for relief is time barred.

Petitioner's second claim for relief is that the State denied his right to a belated appeal. His claim is not entirely clear, but to the extent that it relates to events at or near the time of his conviction, it would be time barred for the same reasons as his first claim. Petitioner also appears to base this claim on the state courts' denial of his MAR and subsequent petition for certiorari. To the extent that this is so, Petitioner cannot receive relief on this claim because errors in the state post-conviction process are not cognizable on habeas review in this court. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008).

As to Petitioner's third claim, the changes in sentencing law upon which he relies occurred in 1994, 2000, and 2011. Therefore, at least a portion of the basis for this claim did not exist until 2011, which would bring § 2244(d)(1)(D) into play. However, given that Petitioner did not file his MAR until 2013 and did not file in this Court until 2014, even this claim is well out of time.

Petitioner does not dispute the foregoing analysis and, in fact, appears to recognize in his Petition that his filing is beyond the statute of limitations. Instead, he argues that his Petition should be deemed timely under the doctrine of equitable tolling, which the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010).

Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added). However, unfamiliarity with the legal process, even in the case of an unrepresented prisoner, does not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); Turner v, Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) (unpublished). Petitioner alleges no extraordinary circumstances justifying equitable tolling, but instead mainly argues that his claims have merit or cites to law dealing with procedural bars, not equitable tolling. His claim is not timely, he is not entitled to equitable tolling, and Respondent's Motion to Dismiss should be granted.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #4] be granted, that the Petition [Doc. #1] be dismissed, and that this action be dismissed.

This, the 8th day of August, 2014.

                                                          /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge